AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

District of New Jersey

United States of America
v.
ROBERT J. MOSER

*Defendant(s)*

Case No. Mag. No. 23-mj-4039 (MJS)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of March 17, 2023 in the county of Atlantic in the ______ District of New Jersey, the defendant(s) violated:

| *Code Section* | *Description of Offenses* |
|---|---|
| Title 26, United States Code, Sections 5861(d) and 5871 | See Attachment A. |

This criminal complaint is based on these facts:

See Attachment B.

☑ Continued on the attached sheet.

[signature]
*Complainant's signature*

Shoshannah Heskeyahu, Special Agent, ATF
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone *(specify reliable electronic means).*

Date: 08/07/2023

[signature]
*Judge's signature*

City and state: Camden, New Jersey

Hon. Matthew J. Skahill, U.S. Magistrate Judge
*Printed name and title*

CONTENTS APPROVED

UNITED STATES ATTORNEY

By: ***/s/Jeffrey B. Bender***
Jeffrey B. Bender, Assistant U.S. Attorney

Date: August 7, 2023

**ATTACHMENT A**
**COUNT ONE**
(Unlawful Possession of a Destructive Device)

On or about March 17, 2023, in Atlantic County, in the District of New Jersey and elsewhere, the defendant,

**ROBERT J. MOSER,**

knowingly possessed destructive devices, as that term is defined in Title 26, United States Code, Sections 5845(a)(8) and 5845(f)(1), including

- a destructive device more particularly described as an approximately 6½-inch cardboard tube, containing a quantity of an explosive mixture of potassium perchlorate and nitrate, as well as metal pieces, with a fuse sticking out of the device (herein, Object #1"); and

- a destructive device more particularly described as containing two pieces of a cardboard tube, an approximately 12-inch mortar tube, a plastic cup containing five metal dart tips, a lighter, layered tape, a quantity of an explosive mixture of perchlorate and nitrate, with a fuse sticking out of the device (herein, Object #4"),

which destructive devices were not registered to him in the National Firearms Registration and Transfer Record, as required by Title 26, United States Code 5841.

In violation of Title 26, United States Code, Sections 5861(d) and 5871.

**ATTACHMENT B**

I, Shoshannah Heskeyahu, am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives. I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, photographs and recordings of the evidence. Where statements of others are related herein, they are related in substance and part. Because this Complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date and time, I am asserting that it took place on or about the date and time alleged.

1. On March 17, 2023, at approximately 9:27, p.m., an officer with the Township of Hamilton Police Department responded to a residence in Mays Landing, New Jersey, after a 911 caller reported that her son was unconscious after a possible drug overdose. Upon the officer's arrival, the officer was directed by the 911 caller, who lived in the residence, to an upstairs bedroom where the officer observed Robert J. Moser ("Moser") unconscious and unresponsive on the floor next to his bed. The officer administered two doses of Narcan prior to EMTs arriving at the residence several minutes later.

2. Between administering the first and second doses of Narcan, the officer observed in plain view on Moser's dresser the object pictured below (herein, "Object #3"):



3. After EMTs responded and were conducting their evaluation of Moser in his bedroom, the officer remained in Moser's bedroom and observed in plain view on the floor adjacent to Moser's closet the object pictured below (herein, "Object #2"):



4. The officer also observed in plain view inside Moser's bedroom closet, among other items, fuse, wires, fireworks, battery-powered items, screws, bolts, unidentified liquids, an aerosol can, duct tape, and the object pictured below, which was visible within a translucent container (herein, "Object #4"):



5. Moser regained consciousness, and the EMTs removed him from the house on a stretcher.

6. Soon thereafter, officers advised Moser's mother that there were potentially dangerous objects in Moser's room and that residents should not enter the room. Officers requested that members of the Atlantic City Police Department Bomb Squad respond to the scene to secure the dangerous items in Moser's room.

7. Law enforcement personnel proceeded to search Moser's bedroom with the consent of Moser's mother and to mitigate the exigent danger posed by explosive devices/materials that had already been observed by officers in plain view. During the ensuing search, law enforcement personnel recovered additional items from Moser's bedroom, including the object pictured below (herein, "Object #1"):



8. Objects #1, #2, #3, and #4 were evaluated by an ATF Forensic Chemist. Objects #1 and #4 are more particularly described as follows:

- Object #1 is an approximately 6½-inch cardboard tube, containing a quantity of an explosive mixture of potassium

perchlorate and nitrate, as well as metal pieces (pictured below), with a fuse sticking out of the device.



*Metal spheres and eye hooks (ATF Item# 1)*

- Object #4 contains two pieces of a cardboard tube, an approximately 12-inch mortar tube, a plastic cup containing five metal dart tips (pictured below), a lighter, layered tape, a quantity of an explosive mixture of perchlorate and nitrate, with a fuse sticking out of the device.



*Gold Needle like objects (ATF Item# 1)*

9. Based on my training, experience, knowledge of the investigation, and consultation with other explosives experts, I believe Objects #1 and #4 are destructive devices, as that term is defined in Title 26, United States Code, Sections 5845(a)(8) and 5845(f)(1).

10. A records query shows that Objects #1 and #4 were never registered to Moser in the National Firearms Registration and Transfer Record.

Respectfully submitted,

[signature]

Shoshannah Heskeyahu
ATF Special Agent

Pursuant to Fed. R. Crim. P. 4.1, ATF Special Agent Heskeyahu was sworn and attested to the contents of this affidavit in support of the criminal complaint.

[signature]

HON. MATTHEW J. SKAHILL
United States Magistrate Judge

Date: August 7, 2023